UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CINDY PRICE,

     Plaintiff,

    vs.                              Case No. 2:13-cv-13091
                                    Hon. Lawrence P. Zatkoff
CREDIT MANAGEMENT, LP,

     Defendants.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on September 26, 2014

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I.  INTRODUCTION

This matter is before the Court on Plaintiff's motion for attorney's fees and costs [dkt. 14]. Defendant filed a response, and Plaintiff did not file a reply. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted, without oral argument. For the following reasons, Plaintiff's motion for attorney's fees and costs is GRANTED IN PART and DENIED IN PART.

## II. BACKGROUND

On or about July 3, 2013, Plaintiff Cindy Price ("Plaintiff") received a letter from Defendant Credit Management, LP, ("Defendant") attempting to collect a debt allegedly owed by Plaintiff. The letter stated that Plaintiff owed WOW Internet & Cable Service ("WOW") $43.20. Upon receiving the letter, Plaintiff reports that she called Defendant to inform them she had already paid WOW the requested $43.20. Plaintiff alleges in her complaint that Defendant informed Plaintiff she needed to prove she had already paid the $43.20 to WOW.

Approximately one week later, Plaintiff called Defendant to confirm that she did not have to pay the alleged $43.20 debt to WOW. Although Plaintiff had gathered documents proving she did not owe the alleged $43.20 debt, Plaintiff asserts Defendant informed Plaintiff she still had to pay the $43.20.

Plaintiff filed her complaint on July 18, 2013, asserting Defendant had violated the Fair Debt Collection Practices Act (Count I), the Michigan Occupational Code (Count II), and the Michigan Collection Practices Act (Count III) [dkt. 1]. On September 9, 2013, this Court entered an Order dismissing without prejudice each of Plaintiff's state law claims, *i.e.* Counts II and III [dkt. 7].

On December 2, 2013, Plaintiff filed an amended acceptance of Defendant's Offer of Judgment ("Offer of Judgment") [dkt. 13]. In the Offer of Judgment, the parties agreed to settle the dispute for $1,151.00, "plus costs, interest and attorney fees deemed appropriate as determined by the Court." *See* Dkt. # 13, p. 1. On August 26, 2014, the Court entered the Judgment submitted and stipulated to by the parties, thereby officially resolving Plaintiff's claims and making the Offer of Judgment final [dkt. 17].

On February 12, 2014,[1] Plaintiff filed the instant motion seeking $4,294.31 in attorney's fees and costs.

## III. ANALYSIS

According to Plaintiff, the Offer of Judgment tendered by Defendant and accepted by Plaintiff shows that Plaintiff is entitled to reasonable attorney's fees and costs under the Fair Debt Collection Practices Act, 15 U.S.C. §§1692-1692p ("FDCPA").

**A. Applicable Law**

The FDCPA provides for the shifting of costs and attorney fees from Plaintiff to Defendant at Section 1692k(a), which provides, in part:

> (a) Amount of damages. Except as otherwise provided by this section, any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in amount equal to the sum of [actual damages and] . . .
>> (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.

Although courts have used various methods in determining what a "reasonable" fee may be,[2] the dominant approach over the last thirty years has become the lodestar method. This method, as stated by the Supreme Court, calculates a reasonable fee by looking at "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar method attempts to produce an award that "*roughly* approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case." *Perdue*, 559

---

[1] The Court notes that this motion was filed 6 months prior to the Court's disposition of the case.
[2] *See Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 550 – 551 (2010) (comparing the 12 factor test illuminated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) with the lodestar approach).

3

U.S. at 551 (emphasis in original). Further, the lodestar method is "objective[,] . . . permits meaningful judicial review, and produces reasonably predictable results." *Id.*, at 551–552. Finally, "[t]he party seeking an award of fees should submit evidence supporting the hours worked and rates claimed." *Hensley*, 461 U.S. at 433.

### B. Merits of Plaintiff's Fee Request

Plaintiff attaches affidavits of the two attorneys and the three paralegals who spent time pursuing Plaintiff's claims. Plaintiff claims $2,240.00 in attorney fees based on the time Attorney Gary D. Nitzkin spent pursuing Plaintiff's case (6.4 hours), multiplied by a billing rate of $350.00/hour. Plaintiff also claims $1,200.00 in attorney fees based on the time Attorney Travis L. Shackelford spent working on Plaintiff's case (4.0 hours), multiplied by a billing rate of $300.00/hour. Plaintiff seeks $448.00 in paralegal fees for 3.2 hours of work, multiplied by a billing rate of $140/hour for Julie LaManna, Sarah Sosa, and Andrew Burdick. In addition, Plaintiff claims she has incurred $406.31 in costs pursuing her claim. Thus, in the aggregate, Plaintiff seeks an award of $4,294.31 for obtaining a $1,151.00 Offer of Judgment in a case that originated over an alleged $43.20 debt.

The Court now turns its analysis to determine an appropriate fee based on hours reasonably expended at a reasonable hourly rate. For the reasons stated below, and after analyzing the invoice submitted by Plaintiff to ensure that the hours billed and hourly rates are reasonable, the Court concludes that it must reduce both the hourly rates for the attorneys and paralegals and the number of hours billed by each.

#### 1. Reasonable Hourly Rates

Plaintiff asserts the hourly rates requested are reasonable. Relying on affidavits and the State Bar of Michigan 2011 Economics of Law Practice Survey ("the 2011 Survey"), Plaintiff

4

argues that her request for $350.00/hr for Attorney Nitzkin and $300.00/hour for Attorney Shackelford is in line with the rates charged by other consumer law attorneys in the region. Further, Plaintiff asserts her attorneys have a highly specialized practice and have attained success through their dedication and expertise, thus making each "worth every penny of the $350.00 and $300.00 per hour they seek." Defendant argues these suggested hourly rates are higher than the top 75th percentile of attorneys in the State, and thus should be reduced. Defendant also argues that the $140.00/hour rate for paralegal work suggested by Plaintiff is unreasonable and should be significantly reduced.

The Supreme Court defines a "reasonable" hourly fee as one that "is sufficient to induce a capable attorney to undertake representation of a meritorious . . . case." *Perdue*, 559 U.S. at 552. Further, the Supreme Court has held that the lodestar method "yields a fee that is presumptively sufficient to achieve this objective." *Id*. The Supreme Court and Sixth Circuit—along with Plaintiff—suggest that a district court's initial assessment of a reasonable hourly rate should start with the "prevailing market rate in the relevant community." *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 350 (6th Cir. 2000); *see also Perdue*, 559 U.S. at 555. Defendant correctly articulates, however, that assessing market rates is but the starting point; the district court ultimately retains broad discretion in deciding what constitutes a reasonable hourly rate. *See Wayne v. Village of Sebring*, 36 F.3d 517, 533 (6th Cir. 1994).

Although Plaintiff cites to the 2011 Survey to establish a reasonable hourly rate, the State Bar of Michigan's 2014 Economics of Law practice Survey ("the 2014 Survey") has been published since Plaintiff filed her motion. As such, the Court relies on the 2014 Survey as evidence of a reasonable billing rate in this District. Michigan federal courts routinely use this publication as evidence of reasonableness in determining attorney's fees. *See Fura v. Fed. Exp.*

5

*Corp. Long Term Disability Plan*, No. 10-13298, 2012 WL 2807144, at *2 (E.D. Mich. July 10, 2012); Int'l-*Matez Tank Terminals-Ill. v. Chemical Bank*, No. 1:08-cv-1200, 2010 WL 3238917, at *6 (W.D. Mich. Aug. 16, 2010); *Meyer v. Macomb Twp. of Macomb Cnty., Mich.*, No. 06-14953, 2010 WL 891268, at *2 n.3 (E.D. Mich. Mar. 10, 2010); *Asmar v. Benchmark Literacy Grp., Inc.*, No. 04-70711, 2007 WL 925623, at *3 (E.D. Mich. Mar. 28, 2007).

According to Plaintiff's motion, Attorneys Nitzkin and Shackelford have unique expertise in the field of "consumer law." The Court believes the 2014 Survey captures more accurately Plaintiff's attorneys' work as "collections, debtor" law, which hast a median rate of $300.00/hour. Further, the median billing rate for litigation attorneys with Attorney Nitzkin's tenure is $250.00/hour and is $225.00/hour for litigation attorneys with Attorney Shackelford's tenure. Additionally, the median rate for attorneys working in Oakland County (where Plaintiff's attorneys attest they do business) is $250.00/hour. This too is in line with the median billing rate for all attorneys throughout the state ($245.00/hour.).

Accordingly, with this initial assessment in mind and with the Court's knowledge of the local legal market, the Court finds that: (a) an hourly billing rate for Attorney Nitzkin of $225.00/hour and $175.00/hour for Attorney Shackelford is reasonable for this type of representation, and (b) such a rate will sufficiently encourage competent representation in this community for cases arising under the FDCPA. Likewise, the Court finds that the paralegal billing rate of $140.00/hour proposed by Plaintiff is excessive. Neither Plaintiff nor Defendant offer any evidence to suggest what a "reasonable" rate for a paralegal in this community and field might be. Nevertheless, based on the Court's knowledge of the local legal market and the fact that a seasoned attorney in this field would be reasonably compensated at $225.00/hour, the Court concludes that a billing rate of $75.00/hour for paralegal work is reasonable in this case.

*2. Excessive/Unreasonable Hours*

Plaintiff has the burden of establishing that the hours claimed by her attorneys and their paralegals are justified by the work that was done. *See Hensley*, 461 U.S. at 437. Plaintiff argues that the work performed in this case was necessary, reasonably related to the file, and demonstrates that Plaintiff's counsel was engaged in "routine litigation activity." Defendant contends the total number of hours Plaintiff requests is unreasonable and excessive, representing extensive duplication of efforts and an over-assigning of legal assistance. Defendant asserts the lack of complexity in this case and the absence of any documents to review warrant a substantial decrease from Plaintiff's request to accurately reflect the hours reasonably expended in this case.

It has long been established that district courts, when assessing a party's request for reasonable attorney's fees, should "exclude from [the] initial fee calculation hours that were not 'reasonably expended.'" *See Hensley*, 461 U.S. at 434; *see also Lee v. Thomas & Thomas*, 109 F.3d 302, 307 (6th Cir. 1997). The Sixth Circuit—as Plaintiff correctly notes—previously expressed three different issues to consider when assessing whether the hours claimed are reasonable: 1) whether the attorneys "actually worked the hours claimed," 2) "legal questions about whether the work performed is sufficiently related to the points on which the client prevailed," and 3) "mixed questions about whether the lawyer used poor judgment in spending too many hours on some part of the case or by unnecessarily duplicating the work of co-counsel." *Coulter v. State of Tenn.*, 805 F.2d 146, 150–151 (6th Cir. 1986).

The Court has carefully reviewed the billing records submitted by Plaintiff, analyzing the reasonableness of the hours billed both from the standpoint of specific instances of excessive and/or unreasonable billing and the global number of hours in the invoice. The Court has also considered the three *Coulter* factors outlined above. Thus, based on a) the above standard, b) the

Court's experience with similar cases, c) the Court's experience overseeing litigation cases for more than twenty five years, and d) common sense, the Court finds that the number of hours Plaintiff requests represents an excessive and unreasonable amount.

      a.  Attorney Nitzkin

In his affidavit, Attorney Nitzkin asserts he spent 6.4 hours working on this case. After reviewing Plaintiff's invoice, however, the Court finds this representation is both excessive and unreasonable. The Court finds the time Attorney Nitzkin claims he spent on this matter consists of a) duplicative work[3] and b) demonstrates Attorney Nitzkin's "poor judgment" in spending too much time on certain aspects of this matter.[4] Having assessed all of the information provided, and with the previous standards in mind, the Court finds it reasonable that Attorney Nitzkin spent 2 hours reviewing the file and drafting the complaint, .9 hours drafting discovery requests and motions, and .5 hours reviewing the Offer of Judgment and discussing the Offer of Judgment with Plaintiff. As such, the Court finds 3.4 hours a reasonable amount of time for Attorney Nitzkin to claim.

      b.  Paralegals

In their collective affidavits, the three paralegals assigned to this matter claim they worked a combined 3.2 hours on this case. After reviewing Plaintiff's invoice, however, the Court once again finds this representation is both excessive and unreasonable.[5] Assessing all of the information provided, and with the previous standards in mind, the Court finds it reasonable that paralegals in this matter spent .7 hours speaking with Plaintiff, .6 hours researching Plaintiff,

---

[3] This portion of the Court's findings refers to drafting memos and notes that other members of Attorney Nitzkin's legal team claim to have already completed.
[4] Attorney Nitzkin claims to have reviewed the "file" no less than four times while allegedly spending 1.4 hours drafting a motion that was never filed with this Court.
[5] Plaintiff provides no explanation as to why this matter needed the attention of three different paralegals.

and 1.1 hours drafting case summaries, disclosures and the Offer of Judgment. As such, the Court finds 2.4 hours a reasonable amount of time for the paralegals in this matter to claim.

### c. Attorney Shackelford

In his affidavit, Attorney Shackelford asserts he spent 4.0 hours working on this litigation. After reviewing Plaintiff's invoice, however, the Court finds that this representation is both excessive and unreasonable. Attorney Shackelford attempts to bill several times for accomplishing the same activity,[6] "reviewing" the appearance of opposing counsel and researching how to file an offer of judgment.[7] Also unreasonable are the 2.0 hours it allegedly took Attorney Shackelford to compile the fees allegedly owed in this case and to draft the underlying motion.[8] As Defendant correctly indicates, "a request for attorney's fees should not result in a second major litigation." *Hensley*, 461 U.S. at 437. The Sixth Circuit has established a clear limit on the amount of time attorneys may reasonably claim in compiling and litigating the fees they are allegedly owed:

> '[i]n the absence of unusual circumstances, the hours allowed for preparing and litigating the attorney fee case should not exceed 3% of the hours in the main case when the issue is submitted on the papers without a trial and should not exceed 5% of the hours in the main case when a trial is necessary."

*Ne. Ohio Coal. for Homeless v. Sec'y of Ohio*, 695 F.3d 563, 574 (6th Cir. 2012) (citing *Coulter*, 805 F.2d at 151).

As Plaintiff does not argue any unusual circumstances exist in this matter, the Court finds that a reasonable amount of time for Attorney Shackelford to have committed to preparing and

---

[6] The Court here refers to review of "minute entry re scheduling order" and "review scheduling order."
[7] The Court finds that Attorney Shackelford cannot both claim to have "dedicated his career" to this kind of work and not know how to make such a routine filing.
[8] Not lost on the Court is the failure—despite allegedly spending 2.0 hours preparing the underlying motion and figures—of Plaintiff's counsel to correctly cite the name of the party for which they were working. Page nine of the underlying motion states that "plaintiff's counsel has spent 13.6 hours of compensable time pursuing Ms. Mayes claims," in a matter in which Plaintiff's counsel is seeking attorney's fees for representing Ms. Cindy Price.

9

litigating the attorney's fees in this case is three percent of the hours in the main case. The Court has already found reasonable 3.4 hours for Attorney Nitzkin and 2.4 hours for the paralegals. Further, of the 2.0 hours Attorney Shackelford claims to have spent on this matter not related to the preparing and litigating of attorney's fees, the Court finds only 1.4 hours reasonable. As such, the Court finds 7.2 total hours (3.4 plus 2.4 plus 1.4) to be a reasonable amount of time collectively spent on this case. Thus, a reasonable amount of time for Attorney Shackelford to have committed to preparing and litigating the attorney's fees in this case is three percent of 7.2 hours, or .216 hours. As such, the Court finds Attorney Shackelford reasonably spent 1.616 hours on this matter.

*3. Costs*

Plaintiff requests costs of $406.31 for pursuing this claim.  Defendant does not dispute the amount of costs requested in this matter.  The Court finds such a request reasonable.

**C.  Reasonable Hourly Rate and Reasonable Total Hours**

After reviewing Plaintiff's request for $3,888.00 in attorney's fees and $406.31 in costs for 13.6 hours of work, the Court finds such a request to be unreasonable and excessive. Specifically, and as is established above, the Court finds:

   a)  Attorney Nitzkin is reasonably entitled to $765.00 for 3.4 hours of work at $225/hour;
   b) Attorney Shackelford is reasonably entitled to $282.80 for 1.616 hours of work at $175/hour;
   c) The paralegals are reasonably entitled to $180.00 for 2.4 hours of work collectively at $75/hour; and
   d) Plaintiff is reasonably entitled to costs of $406.31.

These attorney's fees and costs reasonably amount to $1,634.11 for 7.416 hours of work.

## IV. CONCLUSION

Accordingly, and for the above reasons, IT IS HEREBY ORDERED that Plaintiff's motion for attorney's fees and costs [dkt. 14] is GRANTED IN PART and DENIED IN PART.

IT IS FURTHER ORDERED that Plaintiff is entitled to costs of $406.31 and a reasonable attorney's fee of $1,227.80, for an aggregate total of $1,634.11.

IT IS FURTHER ORDERED that Defendant shall pay the aggregate award of $1,634.11 to Plaintiff's counsel within 15 days of the date of this Opinion and Order.

IT IS SO ORDERED.

Date:  September 26, 2014

s/Lawrence P. Zatkoff
HON. LAWRENCE P. ZATKOFF
U.S. DISTRICT COURT